UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21329-CIV-ALTONAGA/Turnoff

**SANDS POINT OCEAN BEACH
RESORT AND CONDOMINIUM
ASSOCIATION, INC.**,

    Plaintiff,

vs.

**QBE INSURANCE CORPORATION**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff, Sands Point Ocean Beach Resort and Condominium Association, Inc.'s ("Sands Point['s]") Motion to Remand [D.E. 8], filed on June 6, 2007. The Court has carefully reviewed the parties' written submissions and applicable law.

On May 22, 2007, Defendant, QBE Insurance Corporation ("QBE"), removed this case from state court pursuant to 28 U.S.C. § 1446. At the time of removal, QBE maintained that the Court had subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332, because there was complete diversity of citizenship between the parties and because the amount in controversy exceeded $75,000.

QBE received the complaint and summons from its statutory agent, the Florida Department of Financial Services, on April 23, 2007; it was, however, mailed by the statutory agent on April 18,

**Case No. 07-21329-CIV-ALTONAGA/Turnoff**

2007. The conflict in this case is which of these dates began the thirty-day removal period.[1] In its Motion, Sands Point asserts that the thirty-day period for removal began on April 18, 2007, and that the expiration of the removal period was May 18, 2007, rendering QBE's removal on May 22, 2007 untimely. In support of its position, Sands Point cites an earlier decision of this Court, *Morse, LLC v. United Wisconsin Life Ins. Co.*, 356 F. Supp. 2d 1296, 1298 (S.D. Fla. 2005), in which the undersigned held that the thirty-day period for removal begins when the complaint and summons are mailed to a defendant by a statutory agent.

In response, QBE maintains that a majority of district courts to consider the issue have held that the thirty-day period for removal begins when a defendant *receives* the complaint and summons. *See Lilly v. CSX Transp. Inc.,* 186 F. Supp. 2d 672, 673-74 (D. W.Va. 2002) (holding that removal period does not begin when statutory agent mails notice, but rather when defendant receives notice; citing cases from various districts holding the same). More recently, in *The Meadows Springlake Condo. Ass'n, Inc. v. Allstate Ins. Co.*, 2006 WL 2864313, at * 6-9 (M.D. Fla. 2006), the court held that the thirty-day period for removal begins when a defendant receives the complaint and summons. The decision in *Meadows* signals a shift away from *Masters v. Nationwide Mutual Fire Ins. Co.*, 858 F. Supp. 1184, 1186 (M.D. Fla. 1994), on which this Court relied in rendering her decision in *Morse*. The shift toward interpreting the thirty-day removal period as beginning when a defendant receives a complaint and summons appears to be the majority position.

The opinions of these district courts are persuasive, especially given the absence of guidance

---

[1] The particular language of the removal statute at issue here is contained in § 1446(b): "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days *after the receipt by the defendant, through service or otherwise* [of the complaint and summons]." (emphasis added).

Case No. 07-21329-CIV-ALTONAGA/Turnoff

on this issue from the Eleventh Circuit, or any other circuit court. The thirty-day period for removal here began to run when QBE received the complaint and summons from the Florida Department of Financial Services on April 23, 2007. Therefore, QBE's removal of this case on May 22, 2007 was timely and remand is not warranted.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand **[D.E. 8]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of June, 2007.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1) Magistrate Judge William C. Turnoff
(2) Counsel of record