7-21329.o5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21329-CIV-BROWN
**THIS IS A CONSENT CASE**

SANDS POINTE OCEAN BEACH
RESORT CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff(s),

v.

QBE INSURANCE CORPORATION,

    Defendant(s),
_____/

## ORDER RE: MOTION TO COMPEL PAYMENT AND FOR SANCTIONS

    **THIS MATTER** is before this Court on plaintiff's Motion to Compel Payment of ...Experts; Motion for Sanctions ... (D.E. 155), filed April 9, 2009. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

    The Court finds substantial merit to the motion, notwithstanding the fact that the experts have now been paid. But, since they have, the first part of the motion (the request to compel payment) is **DENIED**, as moot.

    With regard to the request for sanctions, this defendant has consistently and continuously attempted to thwart the orderly proceedings in this case. The record is clear that the deponents sought their compensation for giving their depositions in February after being deposed, but, as of the date of the filing of the instant motion in April, had not been paid. A promise was made by defense counsel to "compensate your experts following their deposition." In the deposition of Nasir Alam (one of the experts), defense counsel indicated that checks could be sent within ten (10) days of

1

billing. While this Court has no intention of holding defendant to that exact number, the instant motion was filed more than forty-five (45) days after those bills were submitted.

In addition, a Supplement was filed to the Notice of Settlement (D.E. 153) on March 16, 2009 which set forth the non-payment of the experts, and the e-mail to defense counsel of March 12, 2009. The instant motion was filed almost one month after that e-mail and as of the filing of said motion, payment had not been made.

The response to this motion is significant for what is not contained therein. There is no indication of a dispute over the entitlement to those fees, there is no indication of a dispute as to the amount of those fees, there is no indication of any problem paying those fees and there is no explanation as to why they weren't paid sooner.

Defendant has the audacity to raise the question of standing. Defendant knows full well who is ultimately responsible for payment of those experts if defendant does not, but apparently would have the experts, themselves, seek judicial relief (presumably at their own expense), to obtain payment. Assuming that to be fair, perhaps defendant would like this Court to issue an order mandating that defendant inform all experts prior to the taking of their depositions of defendant's position in this regard, and let defendant seek Court intervention for each and every one of them when experts (understandably) refuse to appear for deposition. Furthermore, the Court would order defendant to inform not only opposing party's experts of their position, but also inform the Court in every one of those cases of this order.

Defendant's position is made even more egregious by the fact that it is clear that this is not the first time, in virtually identical circumstances, that a condominium association has been forced by this defendant to go to court to get its experts paid. See Buckley Towers Condominium, Inc. v. QBE Ins. Corp., Case No. 07-22988 CIV Moreno/Torres (S.D. Florida). It is not a stretch to believe that if defendant is allowed to continue this practice it would serve to discourage experts from agreeing to testify for condominium associations.

The Supplement to the Notice of Settlement and this motion were filed only because of defendant's actions ... or, more accurately, defendant's inactions. The "bad faith" requirement for imposing sanctions under 28 U.S.C. §1927 and/or the inherent power of the Court is clearly present from this record. However, there could be a problem with the sanctions sought.[1]

The cited statute, 28 U.S.C. §1927, applies only to attorneys. See, e.g., Bernal v. All American Realty, 479 F. Supp. 2d 1291, 1331 (S.D. Fla. 2007). This Court is unable to conclude from this record if the attorney is to blame or if defendant is responsible. Just as this Court earlier chastised defense counsel for raising standing when we all know who is responsible to whom, the expert checks may come from defendant directly, or might need defendant's authorization before issuance. Counsel may wish to claim it is defendant and not counsel who is to blame for this inexcusable action. Accepting this as true for the sake of argument, this would still not excuse the inactions of counsel.

Counsel had a responsibility to the experts, to opposing counsel, and to the Court to bring any such problem to their attention, particularly because this is the same counsel from the Buckley Towers case cited, supra. Counsel's failure to do so makes counsel complicit in this vexatious delay and unnecessary multiplication of proceedings.

Therefore under 28 U.S.C. §1927, and the inherent power of the Court to regulate litigation and sanction litigants, see Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991), and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion for sanctions be and the same is hereby **GRANTED**.

The sanctions to be imposed include all reasonable attorney's fees and expenses incurred by plaintiff in getting the experts' fees paid, including but not limited to the e-mails, the preparation of and the filing of the Supplement referred to, supra, and the preparation of and the filing of the instant

---

[1] Defendant's argument against the imposition of fees pursuant to F.S. §627.428 is accepted, particularly in light of the fact that it is not addressed in the reply.

motion.

Should defense counsel wish to argue that some of these fees should be borne by defendant (as opposed to counsel) a hearing must be requested on or before Monday, May 18, 2009. If held, the hearing will be for that purpose only, and plaintiff will be entitled to fees for attending same. If no hearing is requested, the parties shall have through and including Friday, May 22, 2009, to attempt to agree on the amount of the sanctions. If no agreement is reached, plaintiff may file a supplemental motion addressing the amount of the sanctions on or before Friday, May 29, 2009.

**DONE AND ORDERED** this 12th day of May, 2009, at Miami, Florida.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: counsel of record